UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JAMIE CARSON, SR.,

    Petitioner,

v.                                               CAUSE NO. 3:20-CV-621 DRL-MGG

WARDEN,

    Respondent.

## OPINION AND ORDER

Jamie Carson, Sr., a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision (ISP-18-10-55) at the Indiana State Prison in which a disciplinary hearing officer (DHO) found him guilty of aiding in a murder in violation of Indiana Department of Correction Offense 100. On March 15, 2019, Mr. Carson initiated a habeas case to challenge a disciplinary proceeding in *Carson v. Warden*, 3:19-CV-179 (N.D. Ind.). On July 11, 2019, the court dismissed that case because the Warden had vacated the guilty finding and the sanctions imposed as a result of the challenged disciplinary hearing. The Warden set a rehearing, and Mr. Carson was sanctioned with a loss of one year of earned credit time and two demotions in credit class.

In the petition in this case, Mr. Carson argues that the Warden disregarded the court's final order in 3:19-CV-179 by holding a rehearing, but nothing in that order prohibited the Warden from holding a rehearing. He also argues that he is entitled to habeas relief because the rehearing violated his rights under the Double Jeopardy Clause. "[T]he Double Jeopardy Clause bars retrial following a court-decreed acquittal." *Evans v.*

*Michigan*, 568 U.S. 313, 318 (2013). Here, correctional officials found Mr. Carson guilty at the first hearing rather than acquitting him or finding insufficient evidence to support a finding of guilt. Further, "double jeopardy protections do not attach in prison disciplinary proceedings." *Portee v. Vannatta*, 105 F. App'x 855, 858 (7th Cir. 2004); *see also Decker v. Bell*, 772 F. App'x 339, 341 (7th Cir. 2019); *Meeks v. McBride*, 81 F.3d 717, 722 (7th Cir. 1996). Therefore, the argument that the rehearing subjected Mr. Carson to double jeopardy is not a basis for habeas relief.

In the traverse, Mr. Carson argues that he is entitled to habeas relief because the conduct report wasn't timely under departmental policy. Procedural due process does not require correctional staff to provide a hearing within a particular timeframe. *See Wolff v. McDonnell*, 418 U.S. 539, 563-66 (1974). Moreover, the failure to follow departmental policy alone doesn't rise to the level of a constitutional violation. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991) ("state-law violations provide no basis for federal habeas relief"); *Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008) (finding that inmate's claim that prison failed to follow internal policies had "no bearing on his right to due process"). The claim that Mr. Carson didn't receive a timely conduct report isn't a basis for habeas relief.

Mr. Carson argues that he is entitled to habeas relief because the sanctions imposed as a result of the rehearing amounted to excessive punishment in violation of the Eighth Amendment. On habeas review, petitioners may challenge sanctions only if affect the fact or duration of their sentences, so the only relevant sanctions are the loss of good time credit and the demotion in credit class. *See Washington v. Smith*, 564 F.3d 1350, 1351 (7th Cir. 2009). "A federal court will not normally review a state sentencing

2

determination [that] falls within the statutory limit." *Koo v. McBride*, 124 F.3d 869, 875 (7th Cir. 1997). According to departmental policy, inmates who commit Offense 100 may be subject to sanctions of the loss of one year of good time credit and three demotions in credit class. ECF 7-11 at 38-39. Because the relevant sanctions within the range of the sanctions set forth in the departmental policy, the claim that the sanctions violated the Eighth Amendment isn't a basis for habeas relief.

Finally, Mr. Carson argues that he is entitled to habeas relief because the administrative record demonstrates his actual innocence. According to Mr. Carson, the administrative record contains no evidence that he aided in a murder and includes evidence that exonerates him. Federal courts have not recognized actual innocence as a freestanding habeas claim in the context of prison disciplinary proceedings or otherwise, *see Cal v. Garnett*, 991 F.3d 843, 850 (7th Cir. 2021), so the court construes this claim as asserting insufficiency of the evidence.

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

Under Indiana law, a person who knowingly or intentionally aids another person to commit an offense also commits that offense. Ind. Code. § 35-41-2-4. The administrative

record includes a surveillance video recording in which Devon Sterling[1] stabs the victim in a shower area at the Indiana State Prison. ECF 10. In this video recording, Mr. Carson paces the corridor and appeared to be speaking on a wireless telephone. *Id.* He engages in a five-minute conversation with Mr. Sterling. *Id.* Immediately thereafter, Mr. Carson engages the victim in conversation as Mr. Sterling paces the corridor. *Id.* After passing by the victim for the fourth time, Mr. Sterling stabs the victim with Mr. Carson remaining in close proximity. *Id.* The administrative record also includes a conduct report in which an investigator represented that Mr. Carson did not have permission to be in that housing unit at that time and that Mr. Carson hung up immediately when his telephone calls were answered, which suggested that Mr. Carson was merely pretending to make telephone calls. ECF 7-1.

These articles of evidence constitute some evidence that Mr. Carson aided Mr. Sterling in murder. To summarize, they demonstrate Mr. Carson's interactions with Mr. Sterling before the murder, his suspicious pacing before the murder, his conversations with the victim as Mr. Sterling paced the area, his close proximity to the murder as it occurred, and his unexplained presence in the shower area. Though Mr. Sterling provided a statement denying any involvement in the murder or with Mr. Carson, the hearing officer was not required to credit this self-serving narrative.[2] Therefore, the claim that the hearing officer did not have sufficient evidence is not a basis for habeas relief.

---

[1] Mr. Sterling now faces criminal charges for murder in relation to this incident. *State v. Sterling*, 48C04-1902-MR-425 (Madison Circuit Ct.); ECF 13-3.

[2] Mr. Carson declined to testify at the hearing. ECF 7-4.

4

Because Mr. Carson has not asserted a valid claim for habeas relief, the habeas petition is denied. If Mr. Carson wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed *in forma pauperis* on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 1);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES Jamie Carson, Sr., leave to proceed *in forma pauperis* on appeal.

SO ORDERED.

August 31, 2021                                          *s/ Damon R. Leichty*
                                                                   Judge, United States District Court